PER CURIAM.
The issue raised on this appeal is whether there is coverage under a commercial general liability policy; which excludes accidents arising out of the use of an automobile, where there' is a claim that an employer negligently failed to train his employee not to leave the keys in the ignition. We agree with the well reasoned opinion of the trial court which provides:
Counsel stipulated to all material facts. Petitioner, Bankers Insurance *948 Company, issued a commercial general liability insurance policy to Respondent Michael Dean Moye d/b/a Moye’s Irrigation (“Policy”). Moye employed Astel Soloman. Moye owned a 1986 Dodge van which Soloman used. Soloman left the keys in the vehicle and the vehicle unattended. The vehicle was stolen by Donald Stephen Flewellen. Flewellen negligently operated the vehicle, causing an accident which injured Luis Alberto Jiminez and Moisés Isaías Choxom and killed Salome Cutz and Pedro Ronaldo Choxom.
Bankers has brought this declaratory judgment action against those injured, the personal representatives of the decedents’ estates, Moye, Soloman, and Flewellen, seeking a declaration that the Policy affords no coverage for the accident.
Section II of the Policy provides:
2. Exclusions
This insurance does not apply to
g. Aircraft, Auto or Watercraft
“Bodily injury” or “property damage” arising out of the ownership, maintenance, use or entrustment to others of any ... “auto” ... owned or operated by ... any insured.
The parties agree that the van is an “auto” and Moye and Soloman were insureds under the Policy.
An accident “arises out of’ the use of a vehicle in this context if
1. it arises out of the inherent nature of the vehicle;
2. it arises within the territorial limits of the vehicle and the use, loading, or unloading has not terminated; and
3. the vehicle does not merely contribute to cause the condition which produces the injury but, itself, produces the injury.
Farrer v. United States Fidelity and Guaranty Co., 809 So.2d 85 (Fla. 4th DCA 2002).
Common sense dictates that the accident here arose out of the use of the van. Respondents argue, though, that there is record evidence that Moye negligently failed to train Soloman by negligently failing to tell him it is illegal and improper to leave the keys in an unattended vehicle; that negligent training is distinct from negligent entrustment, which is specifically excluded by the Policy; and that there is a disputed issue of fact concerning whether the alleged negligent training was a concurrent cause of the accident.
This argument fails for two reasons. First, the alleged negligent failure to instruct Soloman to obey traffic rules, including that requiring keys not be left in an unattended vehicle, is not independent of the negligent driving such that the exclusion is not triggered. See Westmoreland v. Lumbermens Mutual Casualty Company, 704 So.2d 176 (Fla. 4th DCA 1997); rev. dism., 717 So.2d 534 (Fla.1998); Fidelity and Casualty Company of New York v. Lodwick, 126 F.Supp.2d 1375, 1380 (parents’ alleged failure to properly supervise minor child alleged to have known propensity to speed and otherwise drive unsafely “is ... synonymous with a negligent en-trustment of the vehicle, which is an expressly excluded risk.”) Assuming Moye hired an employee who lacked basic driving skills, no tort occurred until he entrusted his vehicle to that employee. Moye’s alleged failure is the functional equivalent of Moye’s leaving the vehicle unattended with the keys in the ignition. In either case, any claim arises *949 out of Moye’s ownership, use, or entrustment of the van.
Second, the Court is aware of no independent duty to instruct an employee to obey traffic laws. The duty to train extends only to those tasks as to which an employer would reasonably expect his employee to require instruction. A reasonable employer would have no reason to expect that a licensed driver must be told what the traffic laws provide. Absent a duty, an owner cannot be liable for its breach.
We affirm the summary judgment determining there was no coverage for this accident.
KLEIN, SHAHOOD, JJ„ and EMAS, KEVIN M., Associate Judge, concur.